**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, SR., and SANDERS SR. CHILREN, | : : : | **CIV. NO. 18-13641 (RMB)** |
| Plaintiff | : : | |
| v. | : : | **OPINION** |
| CAMDEN, NEW JERSEY et al, | : : : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Christopher Sanders, proceeding *pro se*, is a prisoner who was confined at the Federal Correctional Institution McKean ("FCI McKean") in Bradford, PA when he filed this action on September 6, 2018. (Compl., ECF No. 1.) Petitioner did not file an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), nor did he pay a filing fee for this action.

Local Rule 5.1(f) states that "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon." The Court will administratively terminate this matter but Plaintiff will be permitted to reopen if he timely submits the filing fee or in the alternative submits a properly completed IFP application.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff fails to state a claim.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness

in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A. The Complaint

Plaintiff's complaint is incomprehensible. (Compl., ECF No. 1.) Plaintiff names "Camden, New Jersey et al" as the defendant(s) but his complaint refers to "FCI Berlin 117-FP-00007 Civil Action" and "Bankruptcy Court for the District of Columbia Civil Action No. 18-1670(UNA)." Plaintiff further alleged the following:

> Constitution protects good-behavior credits on voided sentence a new sentence imposed after the original was struck down as unconstitutional must retain the good behavior credits assessed against the first U.S. Court of Appeals for the Six [sic] Circuit held Aug.14.514.
>
> Delay in relaying plea offer was ineffective assistance, Defence [sic] counsel has a duty to promptly relay a plea offer to a defendant the Connecticut Supreme Court held 516.
>
> Group can make another case against D.C. Metro "Religious" Ad Ban. A group challenging a ban on Religious and other issue-oriented Ads in the Washington area Metro system can make another case to overturn it even though an appeals court broadly rejected its claim that the prohibition is unconstitutional. 517.
>
> Safety valve statement can lead to an enhanced sentence. Statement A defendant doing an interview intended to help get a reduced sentence wear [sic] properly used to ultimately enhance his sentence, the U.S. Court of Appeals, for the Eleventh Circuit said Aug. 16 in a[n] unpublished opinion. 518.

> Pharma Bro's Ex-Lawyers Can't Get New Fraud
> Trail [sic] or acquittal. Martin Shkrelis wire
> fraud a Federal court said. 521.

The Court cannot determine what relief Plaintiff is seeking by filing this Complaint. If Plaintiff chooses to proceed with this action, he must file an amended complaint explaining what he is seeking and why he believes he is entitled to such relief.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action, subject to reopening by Plaintiff if he timely pays the filing fee or submits a properly completed IFP application pursuant to 28 U.S.C. § 1915(a)(2). To avoid dismissal of the Complaint for failure to state a claim, Plaintiff must also find an amended complaint.

An appropriate order follows.


DATE: January 22, 2019

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**